UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Phillip Harold Horswell, | Case No. 18-cv-0307 (WMW/DTS) |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO REOPEN COURT FILE** |
| v. | |
| State of Minnesota, | |
| Respondent. | |

---

Before the Court is Petitioner Phillip Harold Horswell's August 2, 2019 Motion to Reopen Court File. (Dkt. 14.) Horswell's motion purports to present newly discovered evidence supporting his habeas corpus petition in this closed matter. Respondent State of Minnesota has not responded to the motion.

Horswell is civilly committed in the State of Minnesota for an indefinite term after being found mentally ill and dangerous by the state district court. On January 8, 2018, Horswell filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Texas. Because that court has no connection to Horswell's confinement, it transferred the matter to the United States District Court for the District of Minnesota. This Court denied Horswell's petition without prejudice for failure to exhaust state remedies, and the Clerk of Court entered the judgment of dismissal on August 2, 2018. (Dkts. 12, 13.) One year later, Horswell filed the pending Motion to Reopen Court File.

Construed liberally, Horswell's *pro se* motion to reopen seeks relief from the August 2, 2018 judgment, pursuant to Federal Rule of Civil Procedure 60(b).[1] A party must file a Rule 60(b) motion within a reasonable time after the ground for relief arises. Fed. R. Civ. P. 60(c)(1). Rule 60(b) permits a court to grant a party relief from a final judgment or order based on enumerated reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). In addition, Rule 60(b) permits a court to grant relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Horswell purports to present newly discovered evidence, namely that the state court judge who ordered Horswell's civil commitment was not duly re-elected for the term during which the judge entered the order. But this evidence, even if true,[2] does not alter this Court's legal conclusion that Horswell is not entitled to habeas relief because he failed to invoke the judicial procedures available to him in the State of Minnesota courts. For these reasons, Horswell is not entitled to relief from the judgment entered in this case.

---

[1] Because the Court denied Horswell's original petition without prejudice for failure to exhaust state remedies, his Rule 60(b) motion is not subject to the rule against successive habeas petitions. *See Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000).

[2] Horswell's support for this assertion is a list of the Results for All Judicial Races in Minnesota in 2006, on which Judge Robert D. Walker's name does not appear. But the term of office for Minnesota District Court judges is six years, Minn. Const. art. VI, § 7, and there is nothing in the record to suggest that Judge Walker was a judicial candidate for re-election that year.

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Petitioner Phillip Harold Horswell's Motion to Reopen Court File, (Dkt. 14), is **DENIED**.

Dated: October 8, 2019                                     s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge